UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| KYLE A REPPERT, Co * Usar, Consulate General Malaysia, a/k/a Kyle Henry,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES GOVERNMENT, College Negro Fund, Canada as aparas, Carrol institute,<br><br>Defendant. | 4:26-CV-04037-ECS<br><br>ORDER DISMISSING CASE |

On February 23, 2026, Kyle Reppert, appearing pro se, filed a Complaint against the United States Government and, although unclear, perhaps other defendants. Doc. 1. Reppert alleges he "was raped, [and] Geneva conventions have been filed and collected against the U.S. Government." Id. at 3. Reppert moves for leave to proceed in forma pauperis. Doc. 3.

"There is a two-step screening process with in forma pauperis litigants." Reppert v. U.S. Dep't of Veterans Affs., No. 4:18-CV-04104-LLP, 2018 U.S. Dist. LEXIS 144072, at *1 (D.S.D. Aug. 24, 2018) (citing Martin-Trigona v. Stewart, 691 F.2d 856, 857 (8th Cir. 1982) (per curiam)). "First, district courts must determine whether a plaintiff is financially eligible to proceed in forma pauperis under 28 U.S.C. § 1915(a)." Id. (citation omitted). "Second, district courts are to determine whether the complaint should be dismissed under 28 U.S.C. § 1915(e)(2)(B)." Id. (citation omitted).

As to step one, "[a] federal court may authorize the commencement of any lawsuit without prepayment of fees when an applicant submits an affidavit stating he or she is unable to pay the costs of the lawsuit." Hinton v. Collet (Bishop Dudley Hosp. House), No. 4:24-CV-04181-ECS, 2025 WL 775531, at *1 (D.S.D. Mar. 11, 2025) (citing § 1915(a)(1)); see also Lujano v. Omaha Pub. Power Dist., 30 F.3d 1032, 1034 (8th Cir. 1994). Doing so ensures "that indigent persons will have equal access to the judicial system." Greaser v. Dep't of Corr., 145 F.3d 979, 985 (8th Cir. 1998) (citation omitted). "In forma pauperis status is a privilege, and the decision whether to grant it 'is within the sound discretion of the trial court.'" Infante v. Wagner Holding Tr., No. 3:25-CV-03019-ECS, 2025 WL 2650145, at *1 (D.S.D. Sept. 16, 2025) (quoting Hinton, 2025 WL 775531, at *1). An applicant qualifies to proceed in forma pauperis because of his economic status, but he need not "demonstrate absolute destitution." Hinton, 2025 WL 775531, at *1 (quoting Lee v. McDonald's Corp., 231 F.3d 456, 459 (8th Cir. 2000)); Martin-Trigona, 691 F.2d at 857.

After review of Reppert's application, Doc. 3, this Court finds he has insufficient funds to pay the filing fee. Mr. Reppert's motion for leave to proceed in forma pauperis, Doc. 3, is therefore granted.

Turning to step two, the Court must determine whether Reppert's claim should be dismissed because "the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2)(B). Claims are frivolous and must be dismissed if they describe "fantastic or delusional scenarios." Denton v. Hernandez, 504 U.S. 25, 32 (1992) (citation omitted); see § 1915(e)(2)(B)(i).

Previous complaints filed by Reppert in this district and others have been dismissed for frivolity and absurdity. See Reppert, 2018 U.S. Dist. LEXIS 144072, at *3 ("Reppert's allegations are clearly baseless, fanciful, fantastic, delusional, irrational, or wholly incredible." (citation modified)); Reppert v. U.S. Dep't of Veterans Affs., No. 18-CV-1177, 2018 WL 3765394, at *1 (E.D. Wis. Aug. 8, 2018) ("Reppert's complaint consists of nine handwritten pages containing allegations bordering on the absurd."), adopted, 2019 WL 168829 (E.D. Wis. Jan. 11, 2019).

The Complaint in this case suffers from similar defects. Mostly, Reppert uses unintelligible language. E.g., Doc. 1 at 1 ("I hereby as said do plea ∪ cosust moon attaine"). Elsewhere, he declares himself a Malaysian diplomat and appears to invoke his Icelandic rights. Id. at 1, 4. Even liberally construing this pro se complaint, as the Court must, Atkinson v. Bohn, 91 F.3d 1127, 1129 (8th Cir. 1996) (per curiam), Reppert's Complaint is nonsensical. Because the Court must dismiss a case determined to be frivolous, it is hereby

ORDERED that Reppert's Motion for Leave to Proceed In Forma Pauperis, Doc. 3, is granted. It is further

ORDERED that the suit is dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B)(i).

DATED this 25th day of February, 2026.

BY THE COURT:

*Eric Schulte*

ERIC C. SCHULTE
UNITED STATES DISTRICT JUDGE